# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

IRENE MANZANARES,

    Plaintiff,

v.

BRIDGESTONE AMERICAS, INC.,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Irene Manzanares, by and through undersigned counsel, Eudoxie (Dunia) Dickey of CIVIL RIGHTS & EMPLOYMENT LAW ADVOCATES, LLC, files this Complaint and Jury Demand against Defendant Bridgestone Americas, Inc., and respectfully alleges as follows:

### I.  INTRODUCTION

1. Plaintiff, Irene Manzanares, a sixty (60) year old Latina female of Mexican national origin, was an excellent and dedicated employee who loyally served Defendant Bridgestone Americas, Inc. ("Bridgestone" or the "Company") for nearly six years until her wrongful constructive discharge on January 6, 2018. Plaintiff initially was hired as a cashier and later earned a promotion to Office Manager at Defendant's GCR Tires & Service office in Commerce City, Colorado, which apart from her was comprised entirely of white, American-born employees. Unfortunately, when Richard Patrick, a white, American male, was transferred to GCR Tires & Service in the winter of 2017 and became Plaintiff's direct supervisor, he immediately set out to push Plaintiff and other older female employees out of the Company, treated Plaintiff and other older women less favorably than their younger counterparts and

ultimately replaced Plaintiff with two much younger, white, female employees.  Mr. Patrick also failed to promote Plaintiff for the new position of Assistant Store Manager for which she was well qualified and instead hired a much younger, white American female employee for the role, whom he paid significantly more than the much older Plaintiff.  Further, Plaintiff's white, male colleagues subjected Plaintiff to constant ridicule and harassment on account of her race, color and/or national origin.  As a result of this ongoing discrimination, it became impossible for Plaintiff to continue her employment at Bridgestone.  Leaving her no option but to quit, Defendant wrongfully constructively discharged Plaintiff on January 6, 2018 due to its discrimination against her on the basis of her age, race, color and/or national origin.  Following her constructive discharge, Mr. Patrick hired a white woman in her twenties for the position of Office Clerk – following up on his promise to bring in a "young girl" and replacing Plaintiff.

2. This is an action for discrimination and failure to promote under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e(b), *et seq*., as amended, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*, as amended.

3. Defendant's actions have caused Plaintiff severe economic and non-economic damages.

## II.    PARTIES

4. Plaintiff, Irene Manzanares, is a resident of and domiciled in Westminster, Colorado.  Ms. Manzanares was employed by Defendant at all times relevant to this Complaint.

5. Defendant Bridgestone Americas, Inc. is a Nevada corporation with a principal place of business at 200 4th Avenue S. Suite 101, Nashville, Tennessee 37201.  Bridgestone Americas, Inc. is registered to conduct business in Colorado, and maintains an office at 7700 E.

Arapahoe Rd., Suite 220, Centennial, Colorado 80112.  Bridgestone Americas Tire Operations, LLC, d/b/a GCR Tires & Service, is a Delaware limited liability company with a principal place of business at 200 4th Avenue S. Suite 101, Nashville, Tennessee 37201. Bridgestone Americas Tire Operations, LLC, d/b/a GCR Tires & Service is doing business in Colorado and is a wholly-owned direct or indirect subsidiary of Bridgestone Americas, Inc.  The Bridgestone Americas Tire Operations, LLC, d/b/a GCR Tire & Service office where Plaintiff was employed at all times relevant to this Complaint is located at 5125 East 58th Place, Commerce City, Colorado 80022.

6. Defendant is an employer as that term is defined in Title VII (42 U.S.C. § 2000e(b), *et seq*.) and the ADEA (29 U.S.C. § 630(b)).

### III.   JURISDICITON AND VENUE

7. This action arises under the Constitution and laws of the United States and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., 42 U.S.C. § 1981, and the ADEA, 29 U.S.C. § 621, *et seq.*  Jurisdiction supporting Plaintiff's claims for attorney's fees and costs is conferred by 42 U.S.C. § 1988.

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

### IV.   FACTUAL ALLEGATIONS

*Plaintiff, The Only Latina Employee At The Bridgestone GCR Tires & Service Office In Commerce City, Colorado, Was An Excellent Employee During Her Nearly Six Year Tenure*

10. Plaintiff is a 60-year old Latina female of Mexican national origin.

11. Plaintiff was hired in July 2012 as a cashier at Bridgestone GCR Tires & Service ("GCR Tires & Service"), located at 5125 East 58th Place, Commerce City, Colorado 80022.

12. Plaintiff was the only Latina employee at GCR Tires & Service, which with the exception of her was comprised entirely of white, American-born employees. Upon information and belief, GCR Tires & Service is now exclusively comprised of white, American-born employees.

13. For nearly six years, Plaintiff tirelessly contributed her skills, hard work and dedication to Bridgestone.

14. Plaintiff earned a promotion to Office Manager in 2017 as a result of her valuable contributions to the Company.

15. Plaintiff never received a single disciplinary write-up and earned excellent performance reviews. She received an "excellent" performance review from her manager, Dave Brewer, in January 2017.

16. Plaintiff was highly dedicated, went above and beyond the call of duty and often worked overtime, regularly taking work home and even coming in on weekends when necessary.

***When Richard Patrick Was Transferred To Bridgestone GCR Tires & Service In The Winter Of 2017 And Became Store Manager And Plaintiff's Direct Supervisor, He Began To Single Plaintiff And Other Older, Female Employees For Less Favorable Treatment Than Younger Employees On The Discriminatory Basis Of Their Age***

17. Richard Patrick, a white, American male, transferred from a different Bridgestone location in Ft. Collins, Colorado to Bridgestone GCR Tires & Service location in Commerce City, Colorado in the winter of 2017 and became the Store Manager and Plaintiff's direct supervisor.

18. Upon his transfer, Mr. Patrick began treat Plaintiff and other older, female employees less favorably than younger employees on the basis of their age and quickly revealed his intention to replace Plaintiff with a much younger, female employee or employees.

19. On one occasion in approximately late October 2017, Richard Patrick stopped by Plaintiff's office and asked her "How come you don't retire?  Is it because of the medical insurance benefits?"

20. Plaintiff, shocked and confused by Mr. Patrick's unprompted suggestion that she should retire merely because of her age, replied "I love my job. I'm not ready to retire."  She also explained that she was not staying at Bridgestone for the health insurance benefits, as she was covered under her husband's plan, but because she enjoyed her work and was dedicated to the Company.  Plaintiff planned to stay at Bridgestone until her retirement at age 67.

21. On at least two other occasions in 2017, Mr. Patrick told Plaintiff "I'm going to bring in a young girl to help."

22. When Plaintiff and Sherry Cook, another Bridgestone female employee who is in her late forties, met with Mr. Patrick in the fall of 2017 to discuss their very heavy workload, Mr. Patrick told them "I'm not holding a gun to your head.  If you don't like it here, you are free to leave."  Plaintiff understood from this that Mr. Patrick, her direct supervisor, wished to force her and Ms. Cook, another older employee, out of the Company and replace them with a younger female employee or employees.

23. Mr. Patrick's efforts to force out older, female employees proved successful because Ms. Cook did indeed quit and/or was constructively discharged later that fall, leaving Plaintiff to pick up the slack and further contributing to her already excessively heavy and unrealistic workload, which was supposed to be performed by at least two employees.

24. Plaintiff began to experience severe stress, anxiety, vertigo and trouble sleeping as a result of Mr. Patrick's obvious attempts to pressure her and other older, female employees to quit as well as due to her unreasonably heavy workload.

***Shortly Thereafter, Store Manager Richard Patrick Hired Elena Atwood, A Much Younger, White Female Employee, As "Assistant Store Manager," Denied Plaintiff The Opportunity To Interview For The Position And Failed To Promote Her For A Role For Which She Was Qualified, And Treated Plaintiff Less Favorably Than Ms. Atwood On The Basis of Her Age, Race, Color And/ Or National Origin***

25. On or about November 9, 2017, Mr. Patrick followed through on his promise to hire a younger, female employee.

26. He created a new position of Assistant Manager and transferred Elena Atwood, a white woman in her mid- to late-thirties, to Bridgestone GCR Tires & Service from another Bridgestone location in Ft. Collins, Colorado.

27. Mr. Patrick treated Plaintiff, a 60-year old Latina, less favorably than thirty-something, white Ms. Atwood in a variety of ways. He gave Ms. Atwood the higher position of "Assistant Manager" and paid her a salary of $65,000 per year. Despite her nearly six years of loyal service to Bridgestone GCR Tires & Service and her excellent performance reviews, Plaintiff was paid only $17 per hour. Although she had repeatedly pleaded with Mr. Patrick for a raise over the course of 2017 due to her promotion to Office Manager and her significantly increased workload, Mr. Patrick had consistently refused. Only after he hired Ms. Atwood did he give Plaintiff a negligible raise of $1.25 per hour, bringing her wage up to $18.25 per hour.

28. Mr. Patrick also treated Ms. Atwood more favorably than Plaintiff in a variety of other ways. For example, he often bought her lunch and provided her with work support, neither of which he had ever done for Plaintiff.

29. Further, Mr. Patrick wrongfully failed to promote Plaintiff. He refused to give Plaintiff even so much as an opportunity to apply or interview for the new Assistant Manager position, despite the fact that Plaintiff was well qualified for this role by virtue of her nearly six years of experience at Bridgestone GCR Tires & Service office in Commerce City, Colorado and her successful performance of many of the tasks that normally would have been performed by an Assistant Manager – but for which she was never compensated accordingly.

30. Indeed, despite the fact that Ms. Atwood held a different title, she in whole or in part effectively replaced Plaintiff's position at Bridgestone because Mr. Patrick gave her at least some of the tasks which Plaintiff had previously performed, including but not limited to accounts receivable and phones. In this way, Defendant Bridgestone replaced Plaintiff, in whole or in part, with a younger, white female employee.

31. Following Plaintiff's constructive discharge on January 6, 2018, described below, Mr. Patrick also replaced Plaintiff with the "young girl" he had promised to bring in. While to the best of Plaintiff's knowledge, Defendant has not yet filled her prior position of Office Manager, Mr. Patrick did hire a much younger, white employee, Christina (last name unknown), a woman in her mid to late twenties, as an Office Clerk. Upon information and belief, this Office Clerk performs many of the same responsibilities that Plaintiff previously performed.

32. Together, the much younger Ms. Atwood and Christina (last name unknown), both of whom are white, have taken over the entirety of Ms. Manzanares' responsibilities, effectively replacing her.

***Plaintiff's Other White Colleagues Also Treated Her Less Favorably Than Her White Counterparts On The Basis Of Her Race, Color And/Or National Origin***

33. In addition to being replaced by two much younger, white American female employees, Plaintiff also suffered harassment and discrimination from her white, male colleagues on account of her race, color and/or national origin.

34. On numerous occasions, a white, male employee who did outside sales and other white salesmen at the tire shop mocked and laughed at Plaintiff's Mexican accent. Although she confronted this salesman, asking him "So you're making fun of my accent, huh?", he continued to make fun of her accent.

35. Another white, male salesman made a practice of speaking to Plaintiff in Spanish, even though she speaks perfect English. When she asked this salesman why he was speaking to her in Spanish, he replied "So you can understand me better," even though he was perfectly aware that Plaintiff is fluent in English. Although she indicated to this white salesman that she understood him and asked him to speak with her in English, he nevertheless continued speaking to her in Spanish.

36. In these and other ways, Plaintiff's white, male colleagues singled her out for harassment, mockery and humiliation because of her race, color and/or national origin.

37. This constant harassment caused Plaintiff further stress and emotional distress and made it impossible for her to continue working at Bridgestone.

*Bridgestone's Wrongful Constructive Discharge of Plaintiff*

38. Unable to endure this ongoing harassment and discrimination any longer, Plaintiff was forced to tender her resignation on January 6, 2018 as a result of Defendant Bridgestone wrongfully treating her less favorably than similarly situated younger and white employees on the basis of her age, race, color and/or national origin.

39. Subsequently, the Colorado Department of Labor and Employment credited Plaintiff's account of her hostile work environment and awarded her full Unemployment Insurance benefits because it found she was forced to resign from her position "because of unsatisfactory working conditions." Colorado Employment Security Act, C.R.S. 8-73-108(4)(C).

40. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on May 31, 2018 and received her Notice of Right to Sue on June 14, 2018.

41. As a result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered severe economic and non-economic damages.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.
Discrimination – Race, Color, Ethnicity, Ancestry, Alienage and/or National Origin,
and Failure to Promote**

42. Plaintiff hereby incorporates all paragraphs of this Complaint as though fully set forth herein.

43. As a sixty (60) year old Latina female of Mexican national origin, Plaintiff is a member of multiple protected classes under Title VII.

44. Defendant treated Plaintiff less favorably her similarly situated white, American colleagues. Defendant subjected Plaintiff to adverse treatment in the terms and conditions of her employment because of her perceived or actual race, color, ethnicity, ancestry, alienage and/or national origin, including but not limited to denial of promotions, discriminatory terms and

9

conditions of employment, hostile work environment and constructive discharge, as detailed herein.

45. At all pertinent times, Plaintiff performed the functions of her job competently and was more than qualified for promotions.

46. Despite her superior qualifications and exemplary job performance, Defendant refused to promote Plaintiff, in whole or in part, because of her perceived or actual race, color, ethnicity, ancestry, alienage and/or national origin. Instead, Defendant promoted a white American employee to the position for which Plaintiff was qualified.

47. Plaintiff's perceived or actual race, color, ethnicity, ancestry, alienage and/or national origin was a motivating factor in Defendant's refusal to promote her. Any reasons asserted by Defendant for refusing to promote Plaintiff are mere pretext for illegal discrimination.

48. Plaintiff's perceived or actual race, color, ethnicity, ancestry, alienage and/or national origin was a motivating factor in Defendant's decision to constructively discharge Plaintiff. Defendant's asserted reasons for terminating Plaintiff are mere pretext for illegal discrimination.

49. Defendant is liable for the acts and/or omissions of its agents and employees. Defendant, either directly or by and through its agents, discriminated against Plaintiff on the basis of her perceived or actual race, color, ethnicity, ancestry, alienage and/or national origin and directly and proximately caused her severe injuries, damages, and losses.

50. Defendant's acts and conduct were committed with malice or with reckless indifference to Plaintiff's federally protected rights within the meaning of Title VII.

**SECOND CLAIM FOR RELIEF**

## 42 U.S.C. § 1983 Race, Color, Ethnicity, Ancestry and/or Alienage Discrimination under 42 U.S.C. § 1981

51.     Plaintiff hereby incorporates all allegations contained in this Complaint as though fully set forth herein.

52.     Section 1981 provides, in pertinent part:

(a)     All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

(b)     For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

(c)     The rights protected by this section are protected against . . . impairment under color of State law.

53.     Plaintiff is a non-white Latina female and is thus a member of a protected class under Section 1981.

54.     Plaintiff is and has at all times been qualified to perform her job responsibilities, and he has performed them at all times at least satisfactorily.

55.     Defendant denied Plaintiff the protections against race, color, ethnicity, ancestry and/or alienage discrimination provided by Section 1981 in the terms and conditions of her employment by denying her the same benefits, privileges, and terms and conditions of her contractual employment relationship that her white counterparts enjoyed, and by constructively terminating her, in whole or in part, based upon her race.

56.     Plaintiff's perceived or actual race, color, ethnicity, ancestry and/or alienage was a motivating factor for Defendant's actions.

57. Defendant is liable for the acts and omissions of its agents and employees.

58. Defendant's conduct was willful, wanton and in reckless disregard of Plaintiff's federally protected rights, and was the proximate cause of significant injuries, damages and losses that she incurred.

### THIRD CLAIM FOR RELIEF

**Discrimination in Violation of the Age Discrimination in Employment Act, 29. U.S.C. Section 621,** *et seq.*

59. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

60. At all times during her employment with Defendant, Plaintiff was at least 40 years of age.

61. Plaintiff was qualified for the positions she held with Defendant, and for the promotions which Defendant denied her.

62. As set forth herein, Defendant discriminated against Plaintiff during her employment on the basis of her age as described herein, including but not limited to:

   a. Denying Plaintiff a promotion for which she was qualified, and awarding this promotion to an applicant under age 40;

   b. Paying Plaintiff at a lower pay rate than comparable employees under age 40;

   c. Otherwise treating Plaintiff less favorably than employees under age 40;

   d. Constructively terminating Plaintiff; and

   e. Replacing Plaintiff's position with employees under age 40.

63. But for Plaintiff's age, Defendant would not have subjected Plaintiff to the adverse employment actions detailed herein.

64. Defendant's unlawful employment practices were willful, intentional and done with malice or reckless indifference to Plaintiff's rights under ADEA.

65. The proximate result of Defendant's unlawful employment practices was to deprive Plaintiff of employment opportunities and compensation and otherwise adversely affect her status as an employee because of her age. Plaintiff has suffered and continues to suffer emotional distress and damages and losses due to Defendant's conduct.

WHEREFORE, Plaintiff Irene Manzanares respectfully requests that this Court enter judgment in her favor and against Defendant Bridgestone, and award her all relief as allowed by law, including, but not limited to the following:

   a. Declaratory, injunctive, and other equitable relief, as appropriate;
   b. Actual economic damages as established at trial;
   c. Compensatory damages, including, but not limited to those for future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;
   d. Punitive/exemplary damages for all claims as allowed by law in an amount to be determined at trial;
   e. Liquidated damages for all claims as allowed by law in an amount to be determined at trial;
   f. Pre-judgment and post-judgment interest at the highest lawful rate;
   g. Attorney's fees and costs; and
   h. Such further relief as allowed by law or as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**.

DATED this 12th day of September 2018.

                                                     CIVIL RIGHTS & EMPLOYMENT LAW ADVOCATES, LLC

                                                     *s/ Eudoxie Dickey*
                                                     _____
                                                     Eudoxie (Dunia) Dickey
                                                     2300 Walnut St. #123
                                                     Denver, CO 80205
                                                     (303) 395-9150
                                                     CivilRightsAdvocatesLLC@gmail.com
                                                     www.CivilRightsAdvocates.com

                                                     *Attorney for Plaintiff*